George P. Wood, Esquire
PA ID No. 19015
Stewart & Wood
411 Cherry Street
Norristown, PA 19401
(610) 277-2520
(610)-277-1567) fax
georgewood@gwoodlaw.net

Carmen L. Rivera Matos, Esquire
PA ID No. 32795
Law Offices of Carmen R. Matos
40 East Court Street, 3d Floor
Doylestown, PA 18901
215-345-8550
(215)345-8551 fax
crmatoslaw@aol.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN HENRY<br>137 Sunnybrook Drive<br>Elkton, MD 21921<br>                  Plaintiff,<br>    v.<br>ACME #7871<br>75 Valley Stream Road<br>Malvern PA 19355,<br>                  Defendant., and<br>SuperValu<br>75 Valley Stream Parkway,<br>Malvern, PA 19355<br>                  Defendant. | Civil Action<br>No. _____<br><br>**JURY DEMAND** |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This Complaint sets forth claims arising from the employment discrimination of JOHN HENRY by defendant ACME and Supervalu by its authorized representatives and in particular the facts and circumstances leading up to and surrounding the termination and refusal to retain Mr. Henry because of his age of 52 years.

2. This Complaint seeks equitable and monetary relief for Mr. Henry including but not limited to back pay, front pay, benefits, pension benefits, attorney's fees, costs of this suit, compensatory damages, liquidated damages, punitive damages, interest and all other legal and equitable relief to which he is entitled for the denial of equal employment opportunity and unlawful practices by defendant including but not limited to the following:

a. Discrimination against Mr. Henry with respect to the terms, conditions and privileges of employment because he is a person over the age of forty (40) years of age, and;

b. Limiting and otherwise creating conditions of employment opportunity which impaired Mr. Henry's ability to continue and obtain job opportunities and which caused Mr. Henry damages to his professional reputation and status as a Technical Manager.

3. Mr. Henry's claims arise under the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., as amended (hereinafter "ADEA") and the Delaware Human Relations Act, 19 Del. Laws C. 1953, Section 711 et seq., as amended (hereinafter "DHRA").

**JURISDICTION STATEMENT**

4. Jurisdiction of this Complaint is invoked pursuant to 28 U.S.C. 1331, 1332 and 1343.

5. Jurisdiction of this Complaint is invoked under the ADEA 29 U.S.C. 621 et seq. and 29 U.S.C. 1001, et seq.

6. This Court has pendent jurisdiction over Mr. Henry's state statutory claims under the Delaware Human Relations Act. Mr. Henry's state claims under the DHRA arise from the same common underlying facts, and are inextricably related to the ADEA claims and fall within the pendent jurisdiction of this Court.

7. Venue exists in the Eastern District of Pennsylvania because all of the acts of defendant, which are the subject of the Complaint, occurred in the Eastern District.

## **PROCEDURAL PREREQUISITES MET**

8. All pre-conditions to the filing of this action pursuant to administrative remedies have been satisfied. Specifically, Mr. Henry timely filed a timely charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") on , bearing Charge No. 530-2010-00133 on September 17, 2009 and Addendum to Charge on October 20, 2009. Copies are attached as Exhibit A and B. The charge was dual filed with the Delaware Department of Labor. Mr. Henry received a right to sue letter from the EEOC, which was dated June 8, 2011. A copy of the letter is attached as Exhibit C.

9. More than sixty (60) days have passed since the filing of the Complaint of age discrimination with the EEOC.

## **IDENTITY OF THE PARTIES**

10. The plaintiff, (herein "Mr. Henry"), is JOHN HENRY, residing at 137 Sunnybrook Drive, Elkton, MD 21921.

11. Defendant, ACME (hereinafter "ACC"), upon information and belief is a corporation registered to do business in the Eastern District of Pennsylvania at 75 Valley Stream Parkway, Malvern PA 19355.

12. Defendant, Supervalu, upon information and belief is a corporation registered to do business in the Eastern District of Pennsylvania at 75 Valley Stream Parkway, Malvern PA 19355 and owns ACME.

13. At all times relevant to the causes of action herein, Defendants have conducted business and affected commerce in the Commonwealth of Pennsylvania and has employed at least twenty (20) persons over the last four (4) calendar quarters prior to the alleged discriminatory actions stated herein.

14. At all times relevant to this cause of action herein, the Defendant was an employer as defined under Section 11(b) of the ADEA and Section 712 of the DHRA.

15. At all times relevant to the cause of action herein, the Defendant continuously employed and still employs employees engaged in commerce within the meaning of Section 11(g) of the ADEA and the DHRA. At all times relevant to the cause of action herein, Mr. Henry was an employee within the intent and meaning of 11(b) of the ADEA and the DHRA.

16. At all times relevant to the cause of action the acts and events, which form the basis of Mr. Henry's claims, described herein were done by Defendant's authorized directors, officers, managers, employees, workman, servants and agents within the scope of their authorization and duties.

## **GENERAL ALLEGATIONS AND BACKGROUND**

17. Plaintiff, Mr. JOHN HENRY, was born on September 28, 1956.

18. On October 9, 1972, Mr. Henry became employed by the Defendant Company as a cashier, an entry-level position.

19. In September 1990, ACME promoted Mr. Henry to Store Manager of the ACME Store 6727, Centreville, Maryland.

20. Mr. Henry was at all times a diligent, loyal and productive employee. Over the years, Mr. Henry earned and received substantial salary raises, other forms of compensation,

pension and benefits, which increased substantially over the years, based on his job performance. Mr. Henry historically received average or above average performance reviews, and was meeting the company's expectations on performance.

21. At the time of his termination, Mr. Henry was earning annually a salary of approximately $80, 250 per year, together with a additional compensation tied to evaluations, profit sharing, bonus, together with pension, medical and dental benefits, and life insurance, all of which he would have continued to receive had he not been terminated.

22. On June 7, 2008, plaintiff received his first review at level 2, "partially meets expectations." This review was false.

23. On July 7, 2008, plaintiff received a congratulations letter from Judy Spires, which stated, "John, you are among the top Store Directors at ACME!" The letter further stated, "John, you have not only met, but exceeded the sales goals we set for your store during the first quarter of the Retail East Sales Challenge and I am very proud of your efforts and results. You and your team deserve recognition for a job well done! Winning this challenge for the first Quarter demonstrates your commitment to making ACME the best in the business. In addition, this victory proves that your team is serving our customers better than anyone else can and that is a true reflection of your leadership. Thank you for your hard work and your tireless efforts in making ACME a leader in execution and results in the Retail East Region. I look forward to witnessing the innovation and creative initiatives your team implements for the Sales Challenge in Quarter 2."

24. On November 18, 2008, plaintiff received a Performance Improvement Plan (PIP) with threat of termination. Younger Store Managers with same or similar numbers did not receive a PIP.

25. On or about April 30, 2009, Mr. Henry received the first ever-below expectations performance review, due to allegedly low sales and profit numbers. The sales goals and profit numbers are changed by management and can be manipulated to suit their goals and to mask pretext. While plaintiff's store was affected by severe economic conditions in the community, younger managers' results were adjusted when surrounding circumstances impacted their results.

26. Immediately after this review, Kent England, District Manager placed Mr. Henry on a "performance improvement plan" although he had only supervised Mr. Henry for a period of just about two months.

27. Mr. Henry disputes that his performance was not satisfactory. Mr. Henry asserts that he fulfilled all the duties of the Store Manager position in a satisfactory manner. His production was good or above average, and better than the younger similarly situated employees. Mr. Henry was subject to a different standard as compared to younger, similarly situated employees.

28. Mr. Henry asserts that the "performance improvement plan" was merely a pretext for age discrimination and that ACME was trying to force him out due to his age. District Manager England did not meet with Mr. Henry or assist him in any way to meet the unrealistic goals placed upon him by upper management.

29. Mr. England told plaintiff he expected more from someone at all of your years of experience within about six months of the termination. This remark made Mr. Henry believe that England viewed him as an "old" person and he (Mr. Henry) was uncomfortable with the remark. Mr. England told plaintiff to fire a 62-year-old department manager of plaintiff, who had forty years of service. Plaintiff stated he could not fire the department manager because he is older and because he had three heart attacks.

30. Other ACME stores in plaintiff's district had lower volume and were performing below expectations. Other stores in plaintiff's district had the same or similar violations but they were not disciplined or terminated, as plaintiff was.

31. On April 30, 2009, a store manager meeting took place at the ACME in Elkton Road, Newark, DE. At the end of the meeting, DM England stated he needed to Mr. Henry after the meeting. Barry Neely, Human Resources, was present. England stated we are terminating you and handed plaintiff a letter purporting to state that the termination was based on alleged performance issues. England asked plaintiff to go back to the store where the loss prevention department was waiting. Plaintiff returned to his store to remove his personal items while Loss Prevention watched him and reviewed every item plaintiff took home.

32. Mr. Henry had to pay for his COBRA health benefits for himself and his family, which is a great expense to him.

33. ACME retained younger Managers in plaintiff's district, including Joe Mongillo. ACME did not offer Mr. Henry any job at any other facility in Pennsylvania or Delaware.

34. ACME did not terminate younger managers despite worse performance problems. Moreover, the younger managers have been held to a different, more lenient, standard of performance.

35. Mr. Henry lost service and financial participation in the ACME stock option plan, which he lost as a result of the termination. This loss is an economic savings to ACME. Mr. Henry lost participation in all other benefits such as medical, life, 401(k), and stock options.

36. The Defendant Company has engaged in a pattern and practice of discriminating against employees over the age of 40 by demoting, terminating and refusing to transfer older employees because of their age.

37. Mr. Henry believes and therefore avers that his age (52) was a determining or motivating factor in ACME's decision to fire him, to assign his duties to younger employees and to refuse to offer him another position in violation of the ADEA.

38. Mr. Henry has, since the date of his unlawful termination, continuously attempted to mitigate his damages by seeking comparable employment.

## **WILLFULNESS**

39. The actions of ACME as described herein were done willfully, intentionally, recklessly and in knowing disregard for the rights of Mr. Henry under the ADEA.

### **COUNT I - ADEA**

40. The allegations contained in paragraphs 1 through 39 are incorporated herein.

41. ACME, by and through its agents, workmen, servants, employees officers and directors wrongfully violated the ADEA, resulting in the loss of, back pay, front pay, benefits and employment opportunity to Mr. Henry's great detriment and loss.

### **COUNT II - DHRA**

42. The allegations contained in paragraphs 1 through 45 are incorporated herein.

43. ACME, by and through its agents, workmen, servants, employees officers and directors violated the DHRA, as alleged in this Complaint, resulting in the loss of back pay, front pay, benefits and employment opportunity much to Mr. Henry's great detriment and loss.

**DAMAGES ALL COUNTS**

44. Mr. Henry has been damaged by the foregoing actions by the Defendant ACME, in an amount which cannot presently be determined, but which exceeds One Hundred Fifty Thousand Dollars ($150,000.00).

45. Mr. Henry claims damages which include lost compensation, fringe benefits, pension benefits, stock options, bonuses and use of company vehicles, together with loss of back and front pay and all other relief available by statute (state and federal).

**WHEREFORE**, Mr. Henry prays that this Court enter judgment for him and against defendant ACME as follows:

a. Loss of compensation, benefits, pension, promotional opportunity from dates of his termination (back and front pay and benefits); in excess of $150,000.00;

b. Liquidated Damages under the ADEA for a willful violation;

c. Other legal and equitable relief including reinstatement, pre and post judgment interest and an amount for the negative tax consequences, if appropriate;

d. Mr. Henry's reasonable attorneys fees together with costs and interest; and;

e. Any damages available pursuant to state law for pain and suffering or compensatory damages under Section 715 of the Delaware Civil Rights Act;

f. Such other relief as justice demands.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Respectfully submitted,

*[signature]*

Date: September 1, 2011

**George P. Wood, Esquire**
Stewart & Wood PA ID 19015
411 Cherry Street
Norristown, PA 19401
(610) 277-2520
(619-277-1567) fax
georgewood@gwoodlaw.net

*[signature]*

**Carmen L. Rivera Matos, Esquire**
PA ID No. 32795
Law Offices of Carmen R. Matos
40 East Court Street, 3d Floor
Doylestown, PA 18901
(215) 345-8550
(215) 345-8551 fax
crm617@aol.com
Attorneys for Plaintiff, Mr. Henry

| CHARGE OF DISCRIMINATION | Agency | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA  ■ EEOC | 530-2010-00133 |

Delaware Office of Human Relations _____ and EEOC
*State or local Agency, if any*

**Name (Indicate Mr., Ms. Mrs)**
John Henry

**Home Telephone (Include Area Code)**
410-620-9765

**Date of Birth**
9/28/56

**Street Address**
137 Sunnybrook Drive, Elkton, MD 21921

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMATED AGAINST ME (If more than one list below).

| Name | Number of Employees, Members | Telephone (including Area Code) |
|---|---|---|
| ACME #7871 | 500+ | 952-828-8989 |

| Street Address | City | State | Zip | County |
|---|---|---|---|---|
| University Plaza | Newark | DE | 19711 | New Castle |

| Name | Telephone Number (Including Area Code) |
|---|---|
| SuperValu | 952-828-8989 |

**Street Address**
11840 Valley View Road, Eden Prairie, MN 55344

**CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)**
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ■ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
Earliest: 6/1/08
Latest: 5/2/09
☐ Continuing Action

**THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):**

I have been employed by Acme since October 9, 1972. I was hired at the age of 16 and worked my way up to Store Manager and was promoted to several stores throughout my career. I always received good evaluations throughout my 37 years of employment. Suddenly for the first time in June 2008, I received a below expectation evaluation. The evaluation was false and full of contradictions. Thereafter, my supervisor gave me a superficial action plan that was largely ignored by him with inconsistent and untruthful feedback. I have watched older managers over the years get pushed out. On May 2, 2009, I was fired after 37 years of employment and replaced by a substantially younger employee, Joe Mongillo.

I was terminated because of my age of 52 years. The Company has engaged in a pattern and practice of terminating older employees.

■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and corporate fully with the m in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/17/09   Charging Party (Signature)

**NOTARY** – (When necessary for State and Local Requirements)

Subscribed and Sworn to Before Me This Date:
(Day, Month and year) September 17, 2009

**SIGNATURE OF COMPLAINANT**

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEOC FORM 5

PLAINTIFF'S EXHIBIT A

BARBARA L. TREXLER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Exp. Sept. 25, 2010

| ADDENDUM TO CHARGE OF DISCRIMINATION | Agency | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA  ☒ EEOC | 530-2010-00133 |

Delaware Office of Human Relations _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms. Mrs) | Home Telephone (Include Area Code) |
|---|---|
| John Henry | 410-620-9765 |
| Street Address | Date of Birth |
| 137 Sunnybrook Drive, Elkton, MD 21921 | 9/28/56 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMATED AGAINST ME (If more than one list below).

| Name | Number of Employees, Members | Telephone (including Area Code) |
|---|---|---|
| ACME | 500+ | 610-889-4122 |
| Street Address | City | State | Zip | County |
| 75 Valley Stream Road | Malvern | PA | 19355 | Chester |
| Name | Telephone Number (Including Area Code) |
| SuperValu | 610-889-4122 |
| Street Address | County |
| 75 Valley Stream Road, Malvern PA 19355 | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
Earliest: 6/1/08   Latest: 5/2/09
☐ Continuing Action

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I have been employed by Acme since October 9, 1972. I was hired at the age of 16 and worked my way up to Store Manager and was promoted to several stores throughout my career. I always received good evaluations throughout my 37 years of employment. Suddenly for the first time in June 2008, I received a below expectation evaluation. The evaluation was false and full of contradictions. Thereafter, my supervisor gave me a superficial action plan that was largely ignored by him with inconsistent and untruthful feedback. I have watched older managers over the years get pushed out. On May 2, 2009, I was fired after 37 years of employment and replaced by a substantially younger employee, Joe Mongillo.

I was terminated because of my age of 52 years. The Company has engaged in a pattern and practice of terminating older employees.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ANDREW W. BODENSTAB, Notary Public
Concord Twp., Delaware County
My Commission Expires January 23, 2013

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and corporate fully with the m in the processing of my charge in accordance with their procedures.

NOTARY – (When necessary for State and Local Requirements)

[signature: Andrew Bodenstab]

Subscribed and Sworn to Before Me This Date
(Day, Month and year) 20 October 2009

I declare under penalty of perjury that the foregoing is true and correct

[signature: John Henry]
Date: 10/20/2009   Charging Party (Signature)

SIGNATURE OF COMPLAINANT
[signature: John Henry]
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEOC FORM 5

PLAINTIFF'S EXHIBIT B

EEOC Form 161 (rev 2/17/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: John Henry
137 Sunnybrook Drive
Elkton, MD 21921

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2010-00133 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr., District Director

6/8/11
(Date Mailed)

Enclosure(s)
Information Sheet

c: ACME MARKET #7871
George P. Wood, Esquire (For Charging Party)
Liane M. wong, Esquire (for Respondent)

PLAINTIFF'S EXHIBIT
C